Mark F Anderson (SBN 44787)
Kemnitzer, Anderson, Barron & Ogilvie LLP
445 Bush St, 6th Floor
San Francisco, CA 94108
Phone: 415.861.2265
Fax: 415.861.3151

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG TRAN, | Case No. C 05 4616 SC |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC; EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES LLC, | Dept: <br> Judge: Honorable Samuel Conti |
| Defendants. | |

Subject to the approval of this Court and the provisions of Rule 26 of the Federal Rules of Civil Procedure, the Parties by and through their respective counsel of record, hereby stipulate and agree that, with respect to any information, documents, or things obtained by any Party to these actions during settlement negotiations or in response to any discovery the following Stipulated Protective Order shall govern:

## 1.   PURPOSE AND LIMITATIONS

The purpose of this Stipulated Protective Order is to allow the Parties to have reasonable access to sensitive commercial, financial, and confidential information from other Parties while protecting the confidentiality or privacy of that

information.  The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords to Discovery Materials (defined below) extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The Parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.    **DEFINITIONS**

2.1    <u>Party/Parties</u>.  "Party" or "Parties" means Hung Tran, American Express Travel Related Services Company, Inc.; Experian Information Solutions, Inc.; and Equifax Information Services, LLC including all of their officers, directors, employees, consultants, retained experts, agents, and outside counsel (and their support staff).

2.2    <u>Discovery Material</u>.  "Discovery Material" means any information, document, or tangible thing, upon which any expression, communication, or representation has been recorded by any means, or response to any discovery request, including by way of example, document requests, interrogatories, requests for admissions, notices of deposition, requests to inspect, initial disclosures, subpoenas and any other similar materials, or portions thereof.

2.3    <u>Settlement Materials</u>:  "Settlement Materials" means any information, document or tangible thing provide to the Receiving Party for the purposes of settlement negotiations.

2.4    <u>Confidential Information</u>.  "Confidential Information" means any (1) Settlement Materials or (2) Discovery Materials Producing Party designates as sensitive or proprietary business or financial information, personal information, or

information furnished to it in confidence by any third party, which information is not known to the general public.

2.5    Receiving Party. "Receiving Party" means a Party to the action or any third party who rèceives Discovery Material or Settlement Material from a Producing Party.

2.6    Producing Party. "Producing Party" means a Party to the action or any third party who produces or otherwise makes available Discovery Material or Settlement Material to a Receiving Party.

2.7    Designating Party. "Designating Party" means a Party to the action or any third party who provides Settlement Materials to one or more Parties or third parties or who produces Discovery Materials that it designates as "Confidential Information."

2.8    Counsel. "Counsel" means counsel of record, an employee in-house counsel of a Party, and their secretarial and support personnel and other assistants to whom it is necessary to disclose Confidential Information for the purpose of this action.

2.9    Expert. "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by one Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.10   Trial Preparation Materials. "Trial Preparation Materials" means documents and materials such as pleadings, court papers and briefs, exhibits, depositions, interrogatories, and the like, and summaries thereof or notes pertaining thereto.

**3.    SCOPE**

The protection conferred by this Stipulated Protective Order covers not only Confidential Information, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus

testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Confidential Information.

### 4.    DESIGNATION OF CONFIDENTIAL INFORMATION

4.1    <u>Designation in General</u>.  Any Party or non-party may designate as "CONFIDENTIAL," by so marking any Discovery Material– and any copies, abstracts, excerpts or analyses thereof – given, used, served or produced by the Party or non-party in connection with this action, including without limitation in response to formal discovery demands or subpoenas or in compliance with the initial disclosure requirements prescribed by Federal Rules of Civil Procedure, Rule 26(a), that the Designating Party or non-party in good faith believes to contain, reflect, regard, or disclose any confidential, non-public, or proprietary business or financial information.

4.2    <u>Inadvertent Failure to Designate</u>.  A Party or non-party that inadvertently fails to mark an item as Confidential Information at the time it is given, used, served or produced may correct its failure in writing, accompanied by substitute copies of each item, container or folder, appropriately marked as Confidential Information.  Failure to designate is not a waiver of the confidential nature of the material.

4.3    <u>Settlement Negotiations.</u>  All documents provided to any Party in connection with any settlement negotiations, whether marked so or not, are Confidential Information and all copies must be returned to the Designating Party immediately upon request.  The Receiving Party agrees not to challenge the confidential designation of any Settlement Materials.

### 5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    <u>Meet and Confer</u>.  Except as provided in 4.3, the acceptance by a Receiving Party of Confidential Information shall not constitute an admission or concession or permit an inference that the Confidential Information is, in fact,

confidential.  Should a Receiving Party object in good faith to such designation, that Party must notify the Designating Party or Parties in writing of such objection, specifying the basis thereof.  The Parties shall then negotiate in good faith to attempt to resolve their dispute regarding the confidentiality of the subject materials.  In conferring, the Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material and to explain the basis for the designation.

       5.2    <u>Judicial Intervention.</u>  Should such meet-and-confer efforts fail, the Designating Party may then apply to the Court for a protective order covering the designated information within twenty (20) days from the receipt of such written notice from the Receiving Party.  Or the Receiving Party may file and serve a motion under Civil Local Rule 7 that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements and that sets forth with specificity the justification for the designation provided by the Designating Party.  The Designating Party shall bear the burden of establishing the confidentiality of any material (except for Settlement  Materials as provided *supra* ¶ 4.3 which is deemed confidential) designated as Confidential Information.  The information which is the subject of such dispute shall continue to be treated as confidential subject to this Stipulated Protective Order for a period of twenty (20) court days following written notice of objection unless a motion for a protective order is filed within that time, in which case the information shall be treated as confidential pending the outcome of such motion.  In the absence of such a motion, the documents or information shall not be treated as confidential upon the expiration of twenty (20) court days after written notice of objection.

**6.      USE OF CONFIDENTIAL MATERIAL**

6.1   <u>General</u>.  No Confidential Information shall be made public by the Receiving Party or divulged to anyone other than as set forth herein.  Absent a specific order by the Court or if the Designating Party otherwise agrees, once designated as Confidential Information, such materials and information shall be used by the Parties solely in connection with this litigation, and not for any other purpose, including any business, competitive, or governmental purpose or function.

6.2   <u>Advice of Counsel.</u>  Nothing under this Stipulated Protective Order shall bar or otherwise restrict Counsel from rendering advice to a Party with respect to this action, and in the course thereof, relying in a general way upon examination of any Confidential Information.  However, in rendering such advice and in otherwise communicating with a Party, such Counsel shall not disclose the contents of any Confidential Information contrary to the terms or intent of this Protective Order.

6.3   <u>Right to Disclose</u>.  Nothing in this Stipulated Protective Order shall preclude any person or entity from disclosing or using, in any manner or for any purpose, any information or document if that information or document is lawfully obtained from a third party under no obligations of confidentiality with respect thereto and having the right to disclose such information.  Similarly, the terms of this Stipulated Protective Order shall in no way affect a Party's right to reveal or disclose to anyone any information designated by that Party itself as CONFIDENTIAL INFORMATION.  Nothing herein shall prohibit a Party from disclosing CONFIDENTIAL INFORMATION to the person the document identifies as the author, addressee or recipient of such material.

## 7.   ACCESS TO CONFIDENTIAL INFORMATION

7.1   <u>Permissible Disclosures</u>.  Confidential Information shall be treated by each Receiving Party as confidential unless and until the Court rules to the contrary or the Designating Party agrees otherwise.  Unless and until the Court rules

or the Designating Party otherwise agrees, and except as set forth in Paragraph 7.2 herein, access to or disclosure of Confidential Information shall be limited to the following persons and the following persons are bound by the terms of this Stipulated Protective Order, subject to the qualification provisions of Paragraph 7.2 herein:

a.    The Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court);

b.    Each of the named Parties to the litigation who has, through that Party's respective Counsel, signed this Stipulated Protective Order (or who has accepted the terms of this Stipulated Protective Order by the Party's counsel's execution of Appendix A hereto), including any representative of the Party (officers, directors, partners, employees) assisting in the prosecution or the defense of the litigation, and such Party's counsel, including the clerical, secretarial, and paralegal staff employed by such counsel;

c.    Court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in this litigation, and translators engaged for any purpose in the litigation;

d.    Experts retained for the purpose of assisting counsel in the litigation to the extent reasonably necessary for the litigation of this action; provided, however, that in all such cases the person to whom disclosure is made must signify assent to the terms of this Stipulated Protective Order by executing the acknowledgement attached as Appendix A hereto, indicating that he or she has read and understands this Stipulated Protective Order and has agreed to be bound by its terms and has agreed to be bound by its terms and providing a copy of the signed acknowledgment to the Designating Party; and

e.    Persons from whom testimony is taken or is to be taken in the litigation, either in a deposition or at trial, provided that Confidential

Information may be disclosed to such persons only in the preparation for, review of, or in the course of his or her testimony, and that such person shall not retain such Confidential Information after his or her testimony is concluded and that the Designating Party has stipulated that such witness has a need to know this information and that such consent by the Designating Party shall not be withheld unreasonably; provided, however, that in all such cases the person to whom disclosure is made must first signify assent to the terms of this Stipulated Protective Order by executing the acknowledgement attached as Appendix A hereto, indicating that he or she has read and understood this Stipulated Protective Order; and

7.2    Other Persons.  Counsel desiring to qualify a person or persons to receive Confidential Information under paragraph 7.1(c), (d), or (e) shall first obtain from each such person a signed undertaking in the form of Appendix A hereto.

7.3    Additional Parties.  In the event that additional persons become parties to this action, they shall not have access to Confidential Information produced by or obtained from any Party or nonparty until the newly joined party or his or her counsel executes the acknowledgment attached as Appendix A hereto, indicating to all other Parties that he or she has read this Stipulated Protective Order and agrees to be bound by its terms.

7.4    Disclosure Pursuant to Subpoena.  Should any non-party serve a subpoena calling for the production of any Confidential Information on any Party or Counsel for a Party who has received such information, the subpoenaed Party in such instance shall provide notice in writing via facsimile to the Designating Party immediately and in no event more than three days after Receiving the subpoena. Such notification must include a copy of the subpoena.  It shall be the obligation of the Designating Party, prior to the response date on the subpoena, to seek a protective order or any other appropriate relief from the Court if the Designating Party wishes to

maintain the confidentiality of the material.  A Designating Party that fails to seek judicial relief to preclude the disclosure of any Confidential Information in response to a subpoena shall be deemed to have waived any claim of confidentiality with respect to such material.

7.5    Objection to Disclosure to Other Persons.  Should any Party seek to disclose Confidential Information to such other persons not authorized to receive Confidential Information pursuant to paragraph 7(a-f), said Party shall identify in a written notice to the Designating Party (1) the specific Confidential Information; (2) the purpose of such disclosure; (3) the person(s) to receive the Confidential Information, by name, address and telephone number; (4) counsel for that person(s), by name address and telephone number; and (4) any litigation, administrative proceeding or proceeding, by caption and docket number.  This written notice will be provided at least sixty (60) days in advance of the intended date of disclosure.  The Designating Party in such instance shall provide any objection to such disclosure in writing notice to the other Party within thirty (30) after receipt of that Party's intent to disclose.  No Confidential Information shall be disclosed to that person(s) until the validity of the objection has been resolved, either by an agreement between the Parties or by order of the Court.  The objecting party shall have the burden of obtaining a court order on the controversy. If no objection is made by the Designating Party, then the identified Confidential Information may be divulged by the Receiving Party to the identified person upon his or her execution of the acknowledgement attached as Appendix A hereto, indicating that he or she has read and understood this Stipulated Protective Order and has agreed to be bound by its terms. Unless the parties agree, no party may divulge CONFIDENTIAL INFORMATION to a person who refuses to agree to be bound by this protective order.

**8.    ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

Before obtaining access to any CONFIDENTIAL INFORMATION

covered by this Stipulated Protective Order, each person (other than Counsel) who is permitted to have access to CONFIDENTIAL INFORMATION under this Stipulated Protective Order must signify assent to the terms of this Stipulated Protective Order by executing the acknowledgement attached as Appendix A hereto, indicating that he or she has read and understands this Protective Order and agrees to be bound by its terms.  If a deponent or the attorney for a deponent refuses to execute the acknowledgement attached as Appendix A hereto, he or she shall be requested on the deposition record to agree to the terms of this Stipulated Protective Order.  Every deposition witness whose appearance at deposition is obtained pursuant to the process of this Court and to whom CONFIDENTIAL INFORMATION is disclosed at deposition is hereby ordered (1) to maintain all CONFIDENTIAL INFORMATION in confidence, and (2) not to disclose CONFIDENTIAL INFORMATION to anyone other than in accordance with the terms of this Stipulated Protective Order.

**9.     HANDLING OF CONFIDENTIAL INFORMATION**

9.1     Deposition Transcripts.  In the case of depositions and pretrial proceedings, the Parties agree to provisionally treat the entire transcript of the deposition or pretrial proceeding as Confidential Information.  Within thirty (30) days of receipt of the transcript, any Counsel may designate portions of the transcript as Confidential Information by informing the reporter and other Counsel in writing of such designations by page and line number.  The reporter, who shall first have agreed to abide by the terms of this Stipulated Protective Order, shall be instructed to seal the transcript and include on the cover page the legend:  "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."

9.2     Exclusion of Unauthorized Persons.  When testimony designated as Confidential Information is (or is sought to be) elicited during a deposition,

persons not entitled to receive such information under the terms of this Stipulated Protective Order shall be excluded from attendance at the deposition of this action during such time as the Confidential Information is being disclosed, unless the Parties otherwise agree or the Court otherwise orders.

9.3    Inadvertent Production.  If during document production, the Producing Party inadvertently produces a document entitled to protection under the attorney-client privilege, the attorney work product doctrine, or other provisions of applicable law:  (a) the Parties agree that the erroneous or inadvertent production shall not constitute a waiver of such protection as to either the subject matter of the material or as to related documents or communications; and (b) the Producing Party may request the return of the inadvertently produced document at any time before the commencement of trial, but no more than thirty (30) days after the document is first marked as a deposition exhibit, identified as a potential trial exhibit, or otherwise identified by any Party in any pleading or correspondence served on all Parties to this action.  Any such a request shall be made in writing, and shall identify the basis for the claimed protection.  If the Party (or Parties) that received the inadvertently produced document agrees that the document is entitled to protection (without regard to its inadvertent production), all copies of the inadvertently produced document shall be returned to the producing Party or destroyed, and no reference to such document shall be made in discovery, at trial, or any other manner.  If the Parties do not agree that the document is entitled to protection, the burden is on the producing Party to file an appropriate motion with the Court within forty-five (45) days after the document is first marked as a deposition exhibit, identified as a potential trial exhibit, or otherwise identified by any Party in any pleading or correspondence served on all Parties to this action.  Further, the Parties agree that *in camera* review of such documents or testimony is not a waiver of privilege.

9.4    Unauthorized Disclosure.  If a Receiving Party learns that, by

inadvertence or otherwise, it has disclosed Confidential Information to any persons or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the acknowledge attached as Appendix A hereto.

### 10.    FILING CONFIDENTIAL INFORMATION

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Information. A Party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5.

### 11.    FINAL DISPOSITION

11.1    Termination of Participation in Action. Once participation in this action by any person obtaining Confidential Information has been terminated or otherwise concluded, all Confidential Information, excluding information protected by the attorney work product privilege, in the possession of such person shall be returned by such person within thirty (30) calendar days to the Counsel from whom he or she obtained such Confidential Information.

11.2    Termination of Action. Within sixty (60) days after the final termination of this action, counsel for the Receiving Party shall return all copies of the Confidential Information to counsel for the Designating Party, or shall, at the option of the Designating Party, destroy such Confidential Information, and certify in writing that said destruction has occurred to counsel for the Designating Party.

### 12.    RIGHT TO FURTHER RELIEF - NO WAIVER

12.1    Right to Further Relief. This Stipulated Protective Order shall not prevent a Party from applying to the Court for relief from this Order or any of its

terms or provisions, or from applying to the Court for further or additional protective orders.

        12.2   <u>Right to Assert Other Objections</u>.  Nothing in this Stipulated Protective Order shall be construed as a waiver of the right of any Party to object to the taking or admissibility of any testimony, the production of documents or tangible things, or the admissibility of other evidence where such an objection is based on a ground or grounds other than that the testimony or evidence involves CONFIDENTIAL INFORMATION.

        12.3   <u>No Waiver Due to Review</u>.  Review of Confidential Information by Counsel or Experts shall not waive the confidentiality of the documents or objections to production.

**13.    EFFECTIVE PERIOD**

        The terms of this Stipulated Protective Order shall be effective and binding upon a Party upon the signature of its Counsel below.  The restrictions on use of Confidential Information set forth in this Stipulated Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall exercise limited jurisdiction for the purpose of enforcing this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 31, 2006

                                        Kemnitzer, Anderson, Barrron & Ogilvie LLP


                                        By__/s/ Mark F Anderson

1   Dated: August 15, 2006           KIRKPATRICK STOCKTON LLP

2

3                                    By /s/Garrett E Miller
                                     Attorneys for Defendant
4                                    Equifax Information Services LLC

5
    Dated: August  30, 2006          JONES DAY
6

7                                    By/s/ Xuan-Thu T. Phan
                                        Attorneys for Defendant
8                                       Experian Information
                                        Solutions, Inc
9

10
    Dated: August  30, 2006          Greenberg Traurig
11

12                                   By/s/ Karen Rosenthal
                                        Attorneys for Defendant
13                                      American Express Travel
                                        Related Services Company
14

15  PURSUANT TO STIPULATION, IT IS SO ORDERED.

16  Dated:   9/5/06, 2006

17

18  United States District Court Judge

19

20

21

22

23

24

25

26

27

28

1  Mark F Anderson (SBN 44787)
2  Kemnitzer, Anderson, Barron & Ogilvie LLP
   445 Bush St, 6th Floor
3  San Francisco, CA 94108
   Phone: 415.861.2265
4  Fax: 415.861.3151
5
   Attorneys for Plaintiff
6
7
8              **UNITED STATES DISTRICT COURT**
9              **NORTHERN DISTRICT OF CALIFORNIA**
10
11  HUNG TRAN,                          Case No. C05 4616 SC

12              Plaintiff,              **APPENDIX A TO STIPULATED
                                        PROTECTIVE ORDER**
13        v.

14  AMERICAN EXPRESS TRAVEL            Dept:
    RELATED SERVICES COMPANY,          Judge: Honorable Samuel Conti
15  INC;
    EXPERIAN INFORMATION
16  SOLUTIONS, INC. and
    EQUIFAX INFORMATION
17  SERVICES LLC,

18              Defendants.

19
20
21      I, _____, hereby acknowledge and declare that:

22      1.    I have received a copy of the Stipulated Protective Order in this action.

23  I have carefully read and understand the provisions of the Stipulated Protective

24  Order.

25      2.    I will comply with all of the provisions of the Stipulated Protective

26  Order.  I will hold in confidence, will not disclose to anyone not qualified under the

27  Stipulated Protective Order, and will use only for purposes of this litigation (and not

28  for any other purpose, including any business, competitive, or governmental purpose

or function), any CONFIDENTIAL INFORMATION, including the substance and any copy, summary, abstract, excerpt, index or description of such material that is disclosed to me.

3.    I will return all CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material, when requested by such counsel to do so.

4.    I understand that if I violate the provisions of the Stipulated Protective Order, I will be subject to sanctions by the Court and the parties, or any one of them, may assert other remedies against me.  I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Stipulated Protective Order in this action.

5.    My address is: _____.

6.    My relationship to this case and the Parties thereto is: _____

_____

_____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____          _____

                                                 (Signature)

                                                 _____

                                                 Print Name